cedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**KUANG JU ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–3690–ag.

United States Court of Appeals, Second Circuit.

Oct. 23, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Fengling Liu, New York, New York, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Daniel David Hu, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Kuang Ju Zheng, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Paul A. DeFonzo's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kuang Ju Zheng*, No. A 96 000 783 (BIA June 18, 2004). Zheng has waived any challenge to the IJ's denial of CAT relief by failing to address this issue in his brief before this Court because the government has argued as much in its brief. *See Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101 (2d Cir. 2006). Accordingly, the only issue before the Court is whether the IJ properly denied petitioner's applications for asylum and withholding of removal on the basis of his adverse credibility finding. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Particular deference is given to the trier of fact's assessment of demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang*, 386 F.3d at 73–74. In addition, the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted).

Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted); *see, e.g., Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005) (remanding for reconsideration the IJ's adverse credibility determination because, among other errors, the IJ failed to identify the specific inconsistencies on which the determination was based). A determination "based on flawed reasoning ... will not satisfy the substantial evidence standard," and the agency's use of "an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal*, not factual, error." *Secaida–Rosales*, 331 F.3d at 307; *Cao He*

*Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted). The court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin*, 428 F.3d at 406; *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). The court will affirm the IJ's decision, however, if it can confidently predict that the IJ would adhere to its decision were the case remanded. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006).

■ Substantial evidence supports the IJ's adverse credibility finding in this case. Zheng based his claim for asylum, withholding, and CAT relief on his status as a Chinese Roman Catholic. He claims that he has been persecuted on the basis of his religion in the past, and further, that he will be persecuted if he is returned. However, the IJ correctly found that Zheng's testimony was not only internally inconsistent, but was contradicted by statements he made in his credible fear interview, on his written application for asylum and withholding of removal ("written application"), and by statements his sister made in a letter in support of that application.

Zheng testified that he was baptized in November 1989, but during his credible fear interview he stated that he was baptized in 1990. More central to his claim for relief, Zheng provided inconsistent testimony about the government's awareness of a church that he and his family were allegedly instrumental in building. He testified that the government became aware that the building was being used as a church in 1998, but submitted a document in support of his written application indicating that the government became aware of the church in 1996. Zheng also testified that authorities eventually ordered the church destroyed and claimed that he and his family organized a sit-in to protect the building. He testified that when police came to disburse the protesters, they beat young church members with batons. In his written application, however, Zheng mentioned no violence in describing the same event. Instead, he wrote that "for the sake of safety" church members left the building when the police came because they "did not doubt" that the police would use violence.

There was further confusion about how the authorities destroyed the church once the protestors left the building. Zheng testified that the authorities ultimately destroyed the church using "heavy tractors" and "heavy trailers," but in his written application, Zheng wrote that "the church was leveled down with explosives." Zheng's sister similarly wrote in her letter in support of her brother's application, that the church was "exploded." Moreover, Zheng claimed both in his written application and during his asylum hearing that he went into hiding from early 1999 to late 2000. He testified, however, that he was present at religious meetings at his home in early 2000. This prompted both the IJ and Zheng's own counsel to ask how he could be both in hiding and at home at the same time.

The IJ gave Zheng the opportunity to explain each of these apparent discrepancies, but as he correctly observed, Zheng's explanations "were either in the nature of non-explanations or entirely unresponsive." The agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so. *See, e.g., Majidi*, 430 F.3d at 80–81. Because no reasonable fact-finder would have felt compelled to credit Zheng's explanations, the IJ properly relied on the discrepancies throughout the record as evidence of Zheng's lack of credibility. *See Zhou Yun Zhang*, 386 F.3d at 74.

The IJ did not err, moreover, in considering Zheng's failure to provide corroborating evidence. During the asylum hearing, the IJ questioned Zheng as to why he did not produce as witnesses two siblings now living in the United States. The IJ felt that these siblings could have corroborated Zheng's claimed religious affiliation. An applicant's failure to corroborate his testimony may bear on credibility where the absence of corroboration in general makes the applicant unable to rehabilitate testimony that has already been called into question. *See Id.* at 78.

Because substantially all the IJ's adverse credibility findings were based on numerous inconsistencies and discrepancies that the IJ identified in the record, we conclude that substantial evidence supports the adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).